IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Kevin Pluta,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>Warden B J Meeks,<br><br>　　　　　　　　　Defendant. | )　Civil Action No.: 8:15-cv-03621-RBH-JDA<br>)<br>)<br>)<br>)<br>)　**REPORT AND RECOMMENDATION**<br>)　**OF MAGISTRATE JUDGE**<br>)<br>)<br>)<br>) |

Plaintiff brought this action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  On September 17, 2015, the Court issued an Order which, among other things, advised Plaintiff of his duty to keep the Court informed of his current address.  [Doc. 7 at 3–4.]  On February 5, 2016, Defendant filed a motion to dismiss, arguing that the Complaint was rendered moot because Plaintiff had been released from custody.[*]  [Doc. 40.]  By Order of this Court on February 22, 2016, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment/dismissal procedure and the possible consequences if he failed to respond adequately.  [Doc. 42.]  Despite this explanation, Plaintiff failed to respond to the motion.

As Plaintiff is proceeding pro se, the Court filed an Order on March 31, 2016, giving Plaintiff through April 20, 2016, to respond to the motion for summary judgment.  [Doc. 44.]

---

[*]Defendant previously filed another motion to dismiss on December 7, 2015.  [Doc. 29.]  Plaintiff filed a motion to strike Defendant's motion to dismiss on January 25, 2016 [Doc. 38], which the Court construes as both a motion to strike and a response in opposition to the first motion to dismiss.

The March 31, 2016 Order was returned as undeliverable, marked "Return to Sender/Not Deliverable as Addressed/Unable to Forward." [Doc. 47.] As of the date of this Report and Recommendation, Plaintiff has failed to advise the Court of any change in his address or to file a response to the motion to dismiss.

Based on the foregoing, it appears Plaintiff no longer wishes to pursue this action. "The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (citing Fed. R. Civ. P. 41(b)). "Federal courts possess an inherent authority to dismiss cases with prejudice sua sponte." *Gantt v. Md. Div. of Corr.*, 894 F. Supp. 226, 229 (D. Md. 1995) (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962); *White v. Raymark Indust., Inc.*, 783 F.2d 1175 (4th Cir. 1986); *Zaczek v. Fauquier Cnty., Va.*, 764 F. Supp. 1071, 1074 (E.D. Va.1991)).

The Fourth Circuit, in *Davis v. Williams*, recognizing that dismissal with prejudice is a harsh sanction that should not be invoked lightly, set forth four factors for determining whether Rule 41(b) dismissal is appropriate:

(1) the degree of personal responsibility on the part of the plaintiff;

(2) the amount of prejudice to the defendant caused by the delay;

(3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and

(4) the effectiveness of sanctions less drastic than dismissal.

588 F.2d 69, 70 (4th Cir. 1978) (citing *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976)). Subsequently, however, the Fourth Circuit noted that "the four factors . . . are not

2

a rigid four-pronged test," and whether to dismiss depends on the particular circumstances of the case. *Ballard*, 882 F.2d at 95. For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. . . . In view of the warning, the district court had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse." *Id.* at 95–96.

As Plaintiff is proceeding pro se, he is personally responsible for his failure to file a response to the motion to dismiss and to advise the Court of the current address at which he can receive mail. The Court specifically warned Plaintiff that the case would be subject to dismissal if he failed to update his address and thereby failed to meet a Court deadline. [Doc. 7 at 3–4.] Despite this explanation, Plaintiff has elected not to update his address. Because Plaintiff has already ignored the Court's directive to keep the Court apprised of his address, sanctions less drastic than dismissal would not be effective

Wherefore, based upon the foregoing, the Court recommends the case be DISMISSED pursuant to Federal Rule of Civil Procedure 41(b). It is further recommended that the pending motions to dismiss and to strike [Docs. 29, 38, 40] be FOUND AS MOOT.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge


April 22, 2016
Greenville, South Carolina

3