UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Kevin Pluta, | ) | Civil Action No.:  8:15-cv-03621-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden B.J. Meeks, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Kevin Pluta, proceeding pro se, filed this action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See* ECF No. 1. The matter is before the Court for review of the Report and Recommendation (R & R) of United States Magistrate Judge Jacquelyn D. Austin, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina.[1]  *See* R & R, ECF No. 49. The Magistrate Judge recommends the Court dismiss this action with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). R & R at 3.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit

---

[1]     The Magistrate Judge reviewed Plaintiff's complaint pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of pro se litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *But see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits. *Gordon* directs district courts to construe pro se complaints liberally. It does not require those courts to conjure up questions never squarely presented to them.").

the matter with instructions.  *See* 28 U.S.C. § 636(b)(1).

Neither party has filed objections to the R & R.[2]  In the absence of objections to the R & R, the Court is not required to give any explanation for adopting the Magistrate Judge's recommendations.  *See Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).  The Court reviews only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'" (quoting Fed. R. Civ. P. 72 advisory committee's note)).

After a thorough review of the record in this case, the Court finds no clear error.  Accordingly, the Court adopts and incorporates by reference the R & R [ECF No. 49] of the Magistrate Judge.  It is therefore **ORDERED** that this action is **DISMISSED WITH PREJUDICE** for failure to prosecute and that Plaintiff's motion to strike [ECF No. 38] and Defendant's motions to dismiss [ECF Nos. 29 & 40] are **DENIED AS MOOT**.

**IT IS SO ORDERED.**


Florence, South Carolina                                        s/ R. Bryan Harwell
May 31, 2016                                                         R. Bryan Harwell
                                                                            United States District Judge

---

[2]       The Clerk mailed Plaintiff a copy of the R & R on April 22, 2016.  ECF No. 50.  On May 6, 2016, that mailing was returned as undeliverable.  ECF No. 51.

The record shows that on September 17, 2015 (two days after Plaintiff commenced this action), the Magistrate Judge issued an order informing Plaintiff that he was responsible for notifying the Clerk in writing if his address changed, that his failure to do so would not be excused by the Court, and that "**your case may be dismissed for violating this Order.**"  ECF No. 7 at 3.  Plaintiff, who apparently has been released from prison, has failed to notify the Clerk of his new address and thus has failed to comply with the September 17 order.  *See generally Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989) (finding the district court did not abuse its discretion in dismissing the plaintiff's action with prejudice because the magistrate judge "specifically warned [the plaintiff] that failure to comply with [an] order would result in a recommendation that the district court dismiss the suit").

2